# Order

Michigan Supreme Court
Lansing, Michigan

October 22, 2010

138952 & (59)

MYRIAM VELEZ,
   Plaintiff-Appellee/
   Cross-Appellant,

v

MARTIN TUMA, M.D.,
   Defendant-Appellant/
   Cross-Appellee.
_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

SC: 138952
COA: 281136
Wayne CC: 04-402161-NH

By order of December 9, 2009, the application for leave to appeal the April 16, 2009 judgment of the Court of Appeals and the application for leave to appeal as cross-appellant were held in abeyance pending the decision in *O'Neal v St John Hosp* (Docket Nos. 138180-1). On order of the Court, the case having been decided on July 31, 2010, 487 Mich ___ (2010), the applications are again considered, and they are DENIED, there being no majority in favor of granting leave to appeal.

MARKMAN, J. (*dissenting*).

I would grant defendant's application for leave to appeal because he has raised a substantial issue that warrants consideration by this Court. Plaintiff sued the defendant doctor, as well as other defendants, for medical malpractice. She settled with the other defendants and received $195,000 for her injury. After a jury verdict, she then received $394,200 from the defendant doctor. Thus, her total recovery was $589,200. However, this recovery may be contrary to MCL 600.1483(1), which at the time of the verdict capped at $394,200 "the total amount of damages for non-economic loss recoverable by . . . plaintiff[], resulting from the negligence of all defendants."

The following are not in dispute: (1) liability here was joint and several, with each defendant being liable for the full amount, MCL 600.6304(6)(a); (2) a jury returned a verdict for plaintiff in the amount of $1,524,831.86; (3) the collateral source rule reduced plaintiff's economic damages to $0, MCL 600.6303(1); (4) the non-economic damage cap outlined in MCL 600.1483(1) reduced plaintiff's non-economic damages to

$394,200; and (5) defendant was entitled to a setoff of the amount of the settlement plaintiff received from the other defendants, $195,000. The open question is *when* the setoff should be applied—after the jury verdict, which will be reduced to the damages cap, or after the verdict has been reduced by the damages cap in the final judgment? The answer to this question will cost one of the parties $195,000.

Because there is no clear provision concerning which of these reductions is to be made first, and because both parties have raised significant arguments, I would grant leave to appeal on this question.

CORRIGAN and YOUNG, JJ., join the statement of MARKMAN, J.

DAVIS, J., not participating. I recuse myself and am not participating because I was on the Court of Appeals panel in this case. See MCR 2.003(B).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 22, 2010

*Corbin R. Davis*
Clerk

d1019